**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLINCHFIELD COAL COMPANY,
<u>Plaintiff-Appellee,</u>

v.

No. 98-1052

DISTRICT 28, UNITED MINE WORKERS
OF AMERICA; LOCAL UNION 2888,
United Mine Workers of America,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-97-41-A)

Argued: October 29, 1998

Decided: November 23, 1998

Before MICHAEL and MOTZ, Circuit Judges, and STAMP, Chief
United States District Judge for the Northern District of West
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel H. Sachs, UNITED MINE WORKERS OF
AMERICA, Castlewood, Virginia, for Appellants. Ronald E. Meis-
burg, HEENAN, ALTHEN & ROLES, Washington, D.C., for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

District 28, United Mine Workers of America, appeals the district court's order vacating an arbitrator's award that reinstated James Musick, a Clinchfield Coal Company employee who had been fired by the company for absenteeism. We affirm.

Several years ago, Musick was convicted in state court of assault on another Clinchfield employee alleged to be romantically involved with Musick's wife. Musick was given a suspended sentence, placed on probation, and enrolled in a work release program. Under the conditions of his work release, he was required to check in at the county jail each day after work. After he failed to check in one day, the court required Musick to serve the remainder of his sentence in jail. Because of his incarceration, Musick missed 71 days of work at a Clinchfield mine. Clinchfield discharged Musick upon his return. The company claimed that under Article XXII(i)(4) of the Coal Wage Agreement (the Agreement), it had complete discretion to dismiss any employee who missed two or more consecutive days of work without its consent or evidence of proven sickness. The union took the matter to arbitration, and the arbitrator ruled for the union. The arbitrator concluded that the company did not have the absolute right to discharge under Article XXII(i)(4) and held that Musick's twenty-two years of discipline-free service to the company and his "tough [personal] situation" warranted his reinstatement.

Clinchfield filed this action in district court to set aside the arbitration award. The district court thereafter granted the company's motion for summary judgment, vacating the arbitrator's decision.

Courts are required to show great deference to arbitration decisions. See United Paperworkers v. Misco, Inc. 484 U.S. 29, 38 (1987). Nevertheless, any arbitration decision must draw its essence

2

from the parties' agreement and may not contradict the agreement's plain language. See id.; United Steel Workers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960). Clinchfield thus argues that the arbitrator's decision did not draw its essence from the Agreement and that the decision contradicted the plain language of Article XXII(i)(4).

Article XXII(i)(4) provides that "[w]hen any Employee absents himself from his work for a period of two (2) consecutive days without the consent of the Employer, other than because of proven sickness, he may be discharged." This language gives the employer full discretion to dismiss an employee who is absent from work in violation of the conditions. In "conclud[ing] that the totality of [Musick's] circumstances warrants his reinstatement," the arbitrator ignored the plain language of Article XXII(i)(4).

Moreover, the arbitrator's interpretation contradicts several Arbitration Review Board decisions. See Central Ohio Coal Co., Muskingum Mine and Local Union 1604, District 6, ARB Decision No. 114 (Arb. Feldman, Nov. 4, 1977) (holding that if the two-consecutive-day absence provision applies to an employee, his discharge must be upheld); Clinchfield Coal Co., Pilgrim Mine and Local Union 2261 and District 28, ARB Decision No. 97 (Arb. Stokes, June 9, 1977) (same). This is precedent the arbitrator was bound to follow under Article XXIII(k) of the Agreement. In light of these ARB decisions the arbitrator could not consider, under Article XXII(i)(4), the personal, mitigating circumstances advanced by Musick.

Notwithstanding the plain language of Article XXII(i)(4), the union contends that Musick's reinstatement was proper under Article XXII(i)(5) of the Agreement. That provision emphasizes the importance of "[c]onsistent application" of Article XXII(i)'s attendance control policy. Article XXII(i)(5) does not provide a basis for us to revive the arbitrator's decision in this case. The arbitrator did not rely on this provision. Moreover, there is no evidence in the record that Clinchfield has been inconsistent in applying Article XXII(i)(4).

Accordingly, for the reasons stated above and in the memorandum opinion of the district court, see Clinchfield Coal Co. v. District 28, United Mine Workers of America, No. 97-0041, mem. op. (W.D. Va.

3

Dec. 12, 1997), we affirm the grant of summary judgment to Clinch-field Coal Company.

AFFIRMED

4